GULOTTA, Judge.
Defendant appeals his conviction and six month sentence for simple escape. We affirm.
On August 5, 1983, Robert W. McDaniel, an inmate sentenced to Orleans Parish Prison on another charge, was assigned to a work detail painting Bradley School with three other inmates under the custody of Deputy Sheriff Lazzlo Radovich, who instructed them to remain on the school grounds. On that date, defendant requested and received permission on several occasions to go to the bathroom on the premises. He did not return after his last request, however, and was arrested in another area of New Orleans about one week later.
The Bill of Information charging simple escape stated that defendant “... did willfully and unlawfully depart from the lawful custody of the Criminal Sheriff of the Parish of Orleans and from a place where he was lawfully detained by said Criminal Sheriff, to wit: the WORK RELEASE PROGRAM....” After trial, defendant was found “guilty as charged” and sentenced.
Appealing, defendant assigns two errors: 1) that the State failed to prove defendant had escaped from a “work release” program as alleged in the Bill of Information; and 2) that the trial judge erred in curtailing the defendant’s cross-examination of a deputy sheriff aimed at establishing that defendant was not participating in a work release program at the time of escape. We disagree.
The offense of simple escape is defined in LSA-R.S. 14:110 A.(l) as “[t]he intentional departure, ... of a person imprisoned, ... from a place where such person is legally confined or from a designated area of a place where such person is legally confined or from the lawful custody of any law enforcement officer or officer of the Department of Corrections”. LSA-R.S. 14:110 A.(2) alternatively defines the offense as the failure of “a criminal serving a sentence and participating in a work release program authorized by law to report or return from his planned employment or other activity under said program at the appointed time”.
La.C.Cr.P. Art. 465 provides for short form indictments, and in Subpart 23 sets forth the form for simple escape: “A.B. escaped from C.D., a_(state official status of person escaped from); or A.B. escaped from_(state place of official detention).”
The Bill of Information, by its language, sufficiently charges a violation of simple escape as defined in LSA-R.S. 14:110 A.(l). It adds however, the ambiguous verbiage “the WORK RELEASE PROGRAM”, which appears to relate to a violation of LSA-R.S. 14:110 A.(2). Nonetheless, when these problem words are deleted, the information is unambiguous and clearly asserts a violation of sub-paragraph one of the statute. Under these circumstances we conclude that the words “WORK RELEASE PROGRAM” are mere surplusage. See La.C.Cr.P. Art. 486 and State v. Neslo, 433 So.2d 73 (La.1983). Accordingly, the Bill of Information is not defective, and the State was required to prove only that defendant had escaped from “lawful custody” as defined in LSA-R.S. 14:110 A.(l).
Deputy Sheriff Radovich testified that on the date of the incident, McDaniel had been assigned to a “work detail” to paint Bradley school. He responded affirmatively to the State’s inquiry whether McDaniel was “under his control and supervision” when the defendant unlawfully left the school grounds and did not return. The deputy’s statement in the record that McDaniel was an inmate assigned to “work release community service” shows that the deputy was confused about the difference between a work detail and a work release *353 program. Nonetheless, this confusion does not detract from the evidence that clearly establishes a violation of subsection one of the statute.
Because we have concluded the problem language “work release program” is mere surplusage, we find no error on the part of the trial judge when he sustained the State’s objections to questions by the defense whether defendant had been paid for the work. The cross examination related to escape from a work release program and was neither relevant nor germane to a violation of the section of the statute charged. When we consider the entire testimony of Deputy Radovich, despite his apparent confusion in terminology, we conclude the evidence was sufficient to establish simple escape and the trial judge did not err in sustaining the State’s objection to evidence relating to payments for his work in a work release program.
Having so concluded, we affirm the conviction and sentence.
AFFIRMED.